ALBERT J. BORO, JR. (CA Bar #126657)
*ajboro@boro-law.com*
BORO LAW FIRM
345 Franklin Street
San Francisco, CA 94102
Telephone: (415) 621-2400
Facsimile: (415) 276-5870

Attorneys for Defendant
ARNOLD CRUZ RODRIGUEZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ARNOLD CRUZ RODRIGUEZ,<br><br>　　　　Defendant. | No. 19-cr-00381-CRB<br><br>DEFENDANT ARNOLD CRUZ RODRIGUEZ'S SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD VARIANCE IN SENTENCING<br><br>Date: September 16, 2020<br>Time: 1:30 p.m.<br>Court: Hon. Charles R. Breyer |

### I.   INTRODUCTION

Defendant Arnold Cruz Rodriguez respectfully submits this Sentencing Memorandum and Motion for Downward Variance in Sentencing. Mr. Cruz Rodriguez was arrested by the Government during its 2019 crackdown on street drug dealing in the Tenderloin district of San Francisco. He has been detained for more than 13 months at Santa Rita Jail on these charges. During his incarceration, he has been quarantined four times over 5 months for possible COVID-19 exposure and then, unfortunately, for a COVID-19 infection. An appropriate sentence in this case is time served (13 months).

The mental stress from repeated quarantines during the pandemic and his physical affliction with a life-threatening disease make this requested sentence of time served significantly longer than

the actual time of 13 months. The Government agrees a Guidelines sentence is not appropriate in this case and recognizes that Mr. Cruz Rodriguez was a street dealer, but it claims he was trying to move up and his sentence should be greater than other street dealers in this case. *See* U.S. Sentencing Memo. at 1-2, filed Sept. 10, 2020 (Dkt. #285) ("Gov. Sentencing Memo."). The grim reality is Mr. Cruz Rodriguez has already served a significantly greater sentence and faces uncertain future health consequences caused by his incarceration at Santa Rita Jail. He has a wife and two young boys and a disabled mother in Honduras, all depending on his support when he his deported to his home country. His education stopped in third grade and he has helped support his mother and family since the age of 9 or 10, but now he has the anxiety of wondering if his incarceration at Santa Rita Jail will eventually rob him of his ability to meet those responsibilities due to his compromised health. This unfortunate reality of the pandemic and other sentencing factors under Section 3553(a) support the request for a sentence of time served.

## II.    STATEMENT OF FACTS

Mr. Cruz Rodriguez was arrested on August 7, 2019 as part of the Government's prosecution of street-level drug dealers in the Tenderloin district of San Francisco, and he has been held in custody at Santa Rita Jail for more than 13 months. (Dkt. #24.) On June 16, 2020, the Government filed a Superseding Information against Mr. Cruz Rodriguez that charged him with one count of conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 846 & 841(a)(1) & (b)(1)(C), which carries no mandatory minimum sentence. (Dkt. #240.) On July 29, 2020, Mr. Cruz Rodriguez entered a guilty plea to Count 1 of the Superseding Information, pursuant to a plea agreement filed with the Court. (Dkt. #268.) In the plea agreement, Mr. Cruz Rodriguez admitted that he entered into a conspiracy with others from approximately January 2019 to August 2019 to distribute controlled substances, including heroin, methamphetamine, and cocaine base. *See* Plea Agreement ¶¶ 1-2, filed July 29, 2020 (Dkt. #270). He admitted that he met with and sold methamphetamine and heroin to an individual working as a Confidential Source ("CS") for the Government on four occasions in 2019. (*Id*. ¶ 2.)

The discovery shows that Mr. Cruz Rodriguez was a street-level dealer and he did not control of large amounts of controlled substances. The agents heard Mr. Cruz on the wiretap obtaining small

quantities of drugs for street-level sales in January 2019 and had identified Mr. Cruz by the time of his first sale to the CS on February 13, 2019.  *See* Gov. Sentencing Memo. at 3-4.  The CS contacted Mr. Cruz Rodriguez to purchase drugs, not the other way around, and the four sales were all to the same CS.  *See id.* at 4; Plea Agreement ¶ 2.  The CS requested to purchase a pound of methamphetamine, but Mr. Cruz Rodriguez was unable to access pound-quantities.  Gov. Sentencing Memo. at 2.  There is no evidence Mr. Cruz Rodriguez controlled pricing of the drugs or controlled the supply of drugs; he acted as a delivery person or broker for the sales to the CS.  The Government obtained Court orders authorizing the physical location monitoring (ping data) of Mr. Cruz Rodriguez's mobile telephone number during March to June 2019, and the installation of GPS Tracker devices on a Ford Escape and a Nissan Sentra that were used by Mr. Cruz Rodriguez.  Declaration of A. Boro at ¶ 7, filed concurrently herewith ("Boro Decl.").  Despite this extensive surveillance of Mr. Cruz Rodriguez, the Government found no other substantial drug sales by him.

The parties waived the preparation of a presentence report for this sentencing.  (Dkt. #268.)  Mr. Cruz Rodriguez's sentencing hearing was originally set for August 26, 2020, but was continued because his housing unit at Santa Rita Jail was under quarantine due to COVID-19.   Boro Decl. at ¶ 5.  Unfortunately, this was not the first time Mr. Cruz Rodriguez's housing unit at Santa Rita Jail was placed under quarantine, and on this occasion Mr. Cruz Rodriguez ultimately tested positive for COVID-19.  *Id*.  He is no longer exhibiting symptoms of COVID-19.  *Id*. at ¶ 6.

### III.     SENTENCING GUIDELINES CALCULATION

The parties agreed in the plea agreement to a Sentencing Guidelines calculation with a Base Offense Level of 32 (USSG §§ 2D1.1(a)(5) & (c)(4)), less 3 levels for Acceptance of Responsibility (*id*. §3E1.1), for a Total Offense Level of 29.  The parties agree that Mr. Cruz Rodriguez is a Criminal History Category I.  The recommended Guidelines range is 87 to 108 months.

### IV.     THE MOTION FOR DOWNWARD VARIANCE SHOULD BE GRANTED AND MR. CRUZ RODRIGUEZ SENTENCED TO TIME SERVED.

This is a case where the application of the Section 3553(a) factors show that the recommended Guidelines sentence is very far afield from Congress's directive to " 'impose a sentence sufficient, but not greater than necessary,' to accomplish the goals of sentencing."

*Kimbrough* v. *United States*, 552 U.S. 85, 101 (2007) (quoting 18 U.S.C. § 3553(a)). As the Ninth Circuit has made clear, "The Guidelines are not only *not mandatory* on sentencing courts; they are also not to be *presumed* reasonable." *Nelson* v. *United States*, 555 U.S. 350, 352 (2009) (*per curiam*) (emphasis in original). In this case, application of the Section 3553(a) factors supports a sentence of time served (13 months) for Mr. Cruz Rodriguez.

First, the "nature and circumstances of the offense and the history and characteristics of the defendant," as well as considerations of "promoting respect for the law," "deterrence," and "protect[ion of] the public," support the conclusion that Mr. Cruz Rodriguez has served sufficient time for his crime. *See* 18 U.S.C. § 3553(a)(1) & (2). He has accepted responsibility for his participation in a conspiracy to distribute drugs. The Government characterizes him as "one of over a dozen street-level drug dealers" in the charged conspiracy and a person seeking to work his way up by selling ounce-quantities of drugs to the CS. Gov. Sentencing Memo. at 1-2. But the Government candidly admits that he could not access larger quantities, though pressed by the CS to do so. *Id*. Notwithstanding the use of a CS targeting Mr. Cruz Rodriguez and extensive Government surveillance of his movements, Boro Decl. at ¶ 7, no additional drug sales were found.

The punishment already meted is sufficient to punish this conduct for a person with no prior criminal convictions. If Mr. Cruz Rodriguez and the other Tenderloin district street-level drug dealers had been charged in state proceedings instead of this federal prosecution, they might have been given diversion and drug treatment. The thirteen months of actual time he has served exceeds a two-year California state prison sentence, served at 50 percent time, which a first-time, non-violent offender might have received for this drug offense. Mr. Cruz Rodriguez is a Criminal History Category I, and a 13-month sentence served is sufficient to deter future violations for a person with no prior convictions or prison sentences.

But the punishment he has received is much greater than the 13-months of actual time served due to his detention at Santa Rita Jail during the COVID-19 pandemic. Mr. Cruz Rodriguez has been quarantined for suspected or actual COVID-19 exposure on four separate occasions from April 2020 through August 2020 for about 58 days. Boro Decl. ¶¶ 5-6. He has been quarantined 47 days under the "Yellow" category, and, following a positive test on August 15, 2020 confirming he was

infected with COVID-19, for 11 days under the "Red" category.[1]  *Id*.

Mr. Cruz Rodriguez reports that following his positive test for COVID-19, he had several days where his breathing was more difficult.  *Id*.  He was locked up in an isolation cell with no medical equipment – it appeared to him to be part of the maximum-security housing area; it was not a hospital room – and was visited twice a day for a temperature and an oxygen check.  *Id*.  The only medication he received was Tylenol.  *Id*.  After about 11 days, he was released back to a normal housing unit but was not given another COVID-19 test to verify he was no longer infected.[2]  *Id*.  He worries that his health has been compromised, and he may not be able to provide for his young children and his mother.[3]  The psychological trauma from repeated exposure to the virus at Santa Rita Jail and fear that it is ever so close, and then actually contracting the virus with unknown long-term health consequences is significant punishment, far exceeding the 13 months of time served.

Second, Mr. Cruz Rodriguez's "history and characteristics" support a downward variance to the 13 months served.  He is not a person who grew up with plenty of opportunity yet chose to commit a crime.  He grew up in poverty in the small Honduran town of Escano de Tepale in the Francisco Morazán Department of Honduras, in the mountains, about a three-hour drive from the capital city Tegucigalpa.  Mr. Cruz Rodriguez only went to school until third grade, and then at the age of 9 or 10 he worked in the fields (owned by others) to help support his family, tending to tomatoes, chili peppers, and onions.  He is 29 years old.  His Mom is disabled, on crutches.  His family is very poor and work in the fields to provide for their sustenance.  Counsel has obtained from Mr. Cruz Rodriguez's wife photographs of his family, including his Mom and nephews, and the

---

[1] Santa Rita Jail uses "Yellow" when inmates are quarantined due to exposure to a person who may have COVID-19, such as when an inmate in a housing unit exhibits symptoms of COVID-19, resulting in the other inmates being quarantined for 14 days or until the index case is confirmed negative, and "Red" for inmates who display symptoms or test positive for COVID-19.  *See* Santa Rita Jail COVID-19 Outbreak Control Plan at 4, dated Aug. 25, 2020 (available at https://alamedacountysheriff.org/files/COVIDPlan08182020.pdf).

[2] Mr. Cruz Rodriguez's experience is consistent with the Santa Rita Jail Outbreak Control Plan for "Red" inmates, including isolation cells, sick calls twice a day at the cell door, and no follow-up COVID-19 test for those with mild symptoms or who are asymptomatic.  *Id*. at 4-8.

[3] Because this is a novel coronavirus that was identified only about 10 months ago, the long-term health consequences are not yet known, but medical institutions have warned of this danger based on experiences with other viruses and studies are being undertaken now to better understand the risk.  *See* Mayo Clinic, "COVID-19 (coronavirus): Long-Term Effects Possible," (available at https://www.mayoclinic.org/diseases-conditions/coronavirus/in-depth/coronavirus-long-term-effects/art-20490351); Nat'l Institute of Health - NHLBI, "Looking forward: Understanding the Long-Term Effects of COVID-19," June 3, 2020 (available at https://www.nhlbi.nih.gov/news/2020/looking-forward-understanding-long-term-effects-covid-19).

DEFENDANT'S SENTENCING MEMORANDUM
AND MOTION FOR DOWNWARD VARIANCE

5

modest family home.  Boro Decl. Ex. 2.

Mr. Cruz Rodriguez's mother, Reyna Rodriguez, has written a letter to the Court.  She acknowledges her son made a mistake, but she asks the Court to give him another opportunity to make amends for his crime.  She states he is and has always been critical for her and the family's support: "he has been my help, my sustenance.  Since he was able to work, he never let go of my hand."  Boro Decl. Ex. 1.

Mr. Cruz Rodriguez's family situation and his need to provide support his wife and young children also favor a downward variance.  Before his arrest, Mr. Cruz Rodriguez was living in Oakland with his wife, Marta Torres.  They have two young boys, ages 5 and 3.  Photographs of their two sons are attached to the Boro Declaration.  *Id*. Ex. 3.  He previously had a daughter, Zoe, in Honduras, but she was born with a respiratory illness, and needed medication to survive.  At first, the medication was provided for free, and then he and his family were given a prescription for her continued medication, which they had no means to pay for.  She died before her first birthday.  Due to his incarceration and his wife's loss of work because of the COVID-19 pandemic, his wife has had no money to support them and has sent their 5-year-old son to live in Honduras with Mr. Cruz Rodriguez's family.  The plan is for her and their 3-year-old son to join Mr. Cruz Rodriguez in Escano de Tepale, when he is deported, which he surely will be.  She has also written a letter to the Court in which she "request[s] another chance" for Mr. Cruz Rodriguez, and states she and their children, as well as Mr. Cruz Rodriguez's mother, siblings, and nieces and nephews have been "going through a bad situation" because of his inability to provide needed support.  Boro Decl. Ex. 1.

Mr. Cruz Rodriguez knows he has made a serious mistake, and has accepted responsibility for his actions.  His personal characteristic of drug usage, while not excusing his conduct, helps explain it.  He has used marijuana and cocaine.  He had been previously arrested by SFPD for street dealing and was put into a diversion program but was deported before he could start drug treatment.  He realizes he is responsible for the choices he has made, and believes he will do better this time when he is back in Honduras with his family.

Third, the sentencing factor of avoiding "unwarranted sentence disparities" supports the requested sentence of time served (13 months).  *See* 18 U.S.C. § 3553(a)(6).  The Government does

not request a Guidelines sentence but instead "recommends that this Court impose a custodial sentence greater than those imposed on other street-level dealers previously sentenced in this case." Gov. Sentencing Memo. at 6.  Most of the alleged street-dealer defendants in this case and the related case, No. 19-cr-00367-CRB, received sentences of time served, which worked out to between 1 month, 18 days and 9 months, 2 days, and one received a sentence of 12 months,1 day:

| Case | Name | Sentence | Sentence Date | Crim. Min. Dkt. # |
|---|---|---|---|---|
| 19-cr-381 | Jose Franklin Rodriguez Garcia | 12 months, 1 day | 3/4/20 | 153 |
| 19-cr-381 | Kevin Arteaga-Morales | 8 months, 14 days | 4/30/20 | 193 |
| 19-cr-381 | Brayan Martinez | 8 months, 23 days | 4/30/20 | 195 |
| 19-cr-381 | Christian Rodriguez-Valle | 9 months, 7 days | 5/14/20 | 215 |
| 19-cr-381 | Eric Montoya Marquez | 3 years' probation (served 10 months, 18 days) | 6/25/20 | 252 |
| 19-cr-367 | Julio Cesar Viera-Chinrinos | 4 months, 18 days | 12/18/19 | 143 |
| 19-cr-367 | Yordi Yavier Agurcia Galindo | 6 months, 4 days | 2/12/20 | 175 |
| 19-cr-367 | Gustavo Gamez-Velasquez | 7 months | 3/11/20 | 196 |
| 19-cr-367 | Elvin Mejia-Padilla | 7 months | 3/11/20 | 197 |
| 19-cr-367 | Rudis Valladeres-Caceres | 7 months, 3 days | 3/11/20 | 202 |
| 19-cr-367 | Rodulio Alexo Garcia | 1 month, 18 days | 3/18/20 | 209 |

The exception was one alleged street dealer who received 15 months (a handgun was found in a bedroom dresser drawer, allegedly next to his indicia)[4] and another who received 36 months (he allegedly acted as the "right hand man" to the alleged conspiracy leader).[5]  But those sentence reflected conduct more serious than in Mr. Cruz Rodriguez's case.

     In view of the prior sentences imposed in this case, the requested sentence of time served (13 months) is appropriate.  The Government agrees that Mr. Cruz Rodriguez is a street level dealer, except he sold ounce-quantities on four occasions at the request of the CS.  He has no prior criminal convictions and is not a violent offender.

     Moreover, the 13 months he has served in Santa Rita Jail should be counted as much more than 13 months due the extreme distress he has endured from repeated quarantines for COVID-19 and then contracting COVID-19 while incarcerated.  During the pandemic, Mr. Cruz Rodriguez has

---

[4] *See* Gov. Sentencing Memo. re A. Funez Osorto at 2 & 5, No. 19-cr-00381-WHO, filed May 27, 2020 (Dkt. 225).
[5] *See* Gov. Sentencing Memo. re A. Centeno at 1-2, No. 19-cr-00381-WHO, filed Aug. 4, 2020 (Dkt. 273)

DEFENDANT'S SENTENCING MEMORANDUM
AND MOTION FOR DOWNWARD VARIANCE

7

faced more than the theoretical exposure to a life-threatening virus.  He was quarantined four times due to exposure in his housing unit – the presence of the virus much closer than for inmates not housed in affected housing units or the general public – and then he ultimately contracted COVID-19.  Boro Decl. at ¶ 5 & Ex. 4.  This repeated psychological stress and actual infection with a dangerous virus with unknown long-term health consequences – all the while entrusted to the care and custody of the Government – is certainly worth double, triple, or quadruple time.  For purpose of considering sentencing disparities under Section 3553(a)(6), the Court could reasonably view his time served as equivalent to 26, 39, or 52 months under normal conditions.

The punishment for a crime, especially for a non-violent offender with no prior convictions, should not be psychological trauma and a disease with unknown life-long health consequences.  Yet that is the sentence that has been imposed on Mr. Cruz Rodriguez in this case.  It is respectfully submitted that even if the Court were to agree with the Government that he deserves a longer sentence than the previously sentenced street dealers in this case, he has already served that longer sentence and then some.

**V.     CONCLUSION**

For the foregoing reasons, Mr. Cruz Rodriguez respectfully requests that the Court grant his motion for a downward variance to a sentence of time served on Count 1 of the Superseding Information (which is 13 months in custody), followed by a 3-year term of supervised release, and order his immediate release from the custody of the United States Marshal.

Dated: September 13, 2020                    Respectfully Submitted:

                                             BORO LAW FIRM

                                             */s/ Albert J. Boro, Jr.*
                                             ALBERT J. BORO, JR.
                                             Attorneys for Defendant
                                             ARNOLD CRUZ RODRIGUEZ